**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA TAMPA**
**DIVISION**

UNITED STATES OF AMERICA,

   v.         CASE NO. 8:25-cv-3192-SDM-LSG
                 8:19-cr-41-SDM-LSG

NEFER HINOJOSA-LARRADA

_____/

## O R D E R

Hinojosa-Larrada moves under 28 U.S.C. § 2255 to vacate and challenges the validity of his federal conviction and sentence, which accord with the plea agreement. Hinojosa-Larrada is imprisoned for 188 months for his conspiring to distribute and possess with the intent to distribute five kilograms or more of cocaine with persons aboard a vessel subject to the jurisdiction of the United States.  In his supporting brief (Doc. 2 at 9) Hinojosa admits that his motion to vacate is untimely.

An earlier order (Doc. 4) directs Hinojosa to show cause why his motion under Section 2255 is not time-barred.  The earlier order explains the requirements for showing entitlement both to equitable tolling of the limitation and to actual innocence. In response to the order Hinojosa asserts entitlement both to equitable tolling of the limitation and to the actual innocence exception to the limitation.

**Equitable Tolling:**

The earlier order (Doc. 4) explains the extraordinary circumstance and the due diligence requirements for equitable tolling.  Also, the order explains (Doc. 4 at 4) that Hinojosa's asserted language barrier, limited library access, and lockdowns fail to

qualify as an extraordinary circumstance.  Hinojosa's re-asserting these same circumstances (Docs. 5 and 6), without additional extraordinary factual support, fails to qualify as an extraordinary circumstance entitling him to equitable tolling. Hinojosa's new assertion that his attorney "threatened" that he would receive a longer sentence if he did not plead guilty fails to qualify as an extraordinary circumstance. *See United States v. Lagrone*, 727 F.2d 1037, 2038 (11th Cir. 1984) ("When a defendant pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel.").[1]  Moreover, a guilty plea waives a claim based on a pre-plea event, including a claim of ineffective assistance of counsel. *Wilson v. United States*, 962 F.2d 962, 997 (11th Cir. 1992).

**<u>Actual Innocence:</u>**

In response to the earlier order Hinojosa asserts entitlement to the actual innocence exception to the limitation.  To qualify for the "actual innocence" exception, Hinojosa bears the burden of proving that he did not commit the criminal offense for which he is imprisoned.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To prove his innocence Hinojosa must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The new "evidence of innocence [must be] so strong that a

---

[1] Also, in his plea agreement Hinojosa "acknowledged" his "complete satisfaction with the representation and advice from [his] . . . counsel."  (Doc. 108 at 16–17 in 19-cr-41)

court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin, Warden v. Perkins*, 569 U.S. 383, 401 (2013).  The new evidence must show "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt . . . ." *House v. Bell*, 547 U.S. 518, 538 (2006).

Hinojosa pleaded guilty.  Under the plea agreement (Doc. 108 at 18–19 in 19-cr-41), Hinojosa stipulated to the truthfulness of the following facts:

> Hinojosa and his codefendants were part of a transnational criminal organization that was involved in the smuggling of cocaine via maritime vessels to the Dominican Republic and Spain. At various times during the superseding indictment, Hinojosa acted as a captain of go-fast vessels and recruiter of mariners for the same. He received a portion of the earnings for recruiting crewmembers. . . . The organization further participated in the loading of cocaine onto at least one large motor vessel that traveled across the Atlantic Ocean to Spain.

> On October 4, 2018, the Coast Guard Cutter Donald Horsley detected a GFV approximately 200 nautical miles south of Santa Domingo, Dominican Republic, in international waters. The three crewmembers aboard the GFV began jettisoning packages during the pursuit and tried to evade law enforcement. The GFV was ultimately disabled and approximately 474 kilograms of cocaine were recovered. The three crewmembers made no claim of nationality for the GFV and there were no markings indicative of nationality on the vessel; therefore, the GFV was treated as a vessel without nationality subject to the jurisdiction of the United States.

> Hinojosa was involved in the recruitment of the captain for this smuggling venture and received a percentage of the earnings for doing so. . . . After the GFV departed, the captain placed a call to Hinojosa via a satellite phone to inform Hinojosa of a frigate in the area. Hinojosa instructed the captain to turn around . . . . The GFV departed a second time the day after it returned to shore and was interdicted after approximately a day of travel.

Hinojosa's admission of the truth of the facts and his admission of guilt "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). *Accord Saldo v. Crosby*, 162 F. App'x 915, 917 (11th Cir. 2006)[2] (applying *Allison*).

Hinojosa asserts entitlement to the actual innocence exception to the limitation but he alleges no new factual evidence of his innocence. Because he offers no proof of his factual innocence, Hinojosa fails to meet his burden of proving entitlement both to the actual innocence exception to the limitation and to a review of his time-barred application.

The motion under Section 2255 to vacate the sentence (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must (1) enter a judgment against Hinojosa in the civil case and **CLOSE** the civil case and (2) enter a copy of this order in the criminal case and deny the motion to vacate (Doc. 279) that pends in the criminal case.

**DENIAL OF BOTH A
CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Hinojosa is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

- 4 -

substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Hinojosa must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred, Hinojosa is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Hinojosa must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on April 30, 2026.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE